I AM IN RECEIPT OF THE ABOVE-REFERENCED LETTER. IN THE LETTER, YOU OUTLINE THE PAST AND PRESENT STATUS OF THE DEPARTMENT'S "RATE STABILIZATION RESERVE FUND." YOU ALSO REFERENCE A.G.OPIN. NO. 71-124. IN THAT OPINION, THIS OFFICE STATED THAT THE FUND WAS ESTABLISHED PURSUANT TO THE DEPARTMENT OF HIGHWAYS' EMPLOYEE GROUP INSURANCE POLICIES WITH AMERICAN GENERAL LIFE INSURANCE COMPANY, N AND THAT IT "SHOULD BE PAID TO THE DEPARTMENT OF HIGHWAYS TO BE EITHER HELD OR DISTRIBUTED AS MAY BE DETERMINED IN THE DISCRETION OF THE DEPARTMENT FOR THE BENEFIT OF THE EMPLOYEES OF THE DEPARTMENT OF HIGHWAYS. N AT THE TIME OF THAT OPINION, THE FUND WAS VALUED AT $160,000.00. AS YOUR LETTER INDICATES, THE FUND NOW AMOUNTS TO SOMEWHERE BETWEEN $700,000.00 AND $800,000.00, AND IS STILL BEING HELD NIN LIMBON BY THE DEPARTMENT OF TRANSPORTATION. YOUR LETTER INDICATES SUGGESTED ALTERNATIVES FOR DISTRIBUTION OF THE FUND. AFTER CONSULTATION AMONG BILL LAFORTUNE, SUSAN LOVING, FIRST ASSISTANT ATTORNEY GENERAL, AND MYSELF, WE CONCLUDE THAT NONE OF THE ALTERNATIVES DESCRIBED IN YOUR LETTER CAN BE PURSUED WITHOUT THE LIKELIHOOD OF SUBSEQUENT LEGAL ACTION. THE ONLY RELIABLE PROTECTION FOR THE DEPARTMENT FROM POTENTIAL LAWSUITS BY REAL OR IMAGINED BENEFICIARIES OF THIS FUND WOULD BE PURSUANT TO A COURT ORDER REGARDING THE STATUS AND DISTRIBUTION OF THE FUND. IN THIS REGARD, DISTRICT COURT JURISDICTION MAY BE INVOKED IF THE FUND CAN BE VIEWED PRESENTLY AS A TRUST OF SOME NATURE. TITLE 60 O.S. 175.23 [60-175.23](A) (1981) PROVIDES THAT THE "DISTRICT COURT SHALL HAVE ORIGINAL JURISDICTION TO CONSTRUE THE PROVISIONS OF ANY TRUST INSTRUMENT . . . AND ALL ACTIONS HEREUNDER ARE . . . PROCEEDINGS IN REM." IT IS, HOWEVER, UNCLEAR WHETHER THE DISTRICT COURT WOULD BE WILLING TO ASSUME JURISDICTION. A SECOND ALTERNATIVE WOULD BE TO CONSULT WITH THE GOVERNOR AND ELECTED LEADERSHIP AS TO POSSIBLE RESOLUTION OF THIS PROBLEM THROUGH ENACTMENT OF A STATUTE AUTHORIZING DISPOSITION OF THE TRUST FUNDS. ALTHOUGH SUCH A STATUTE COULD BE CHALLENGED BY POSSIBLE BENEFICIARIES OF THE TRUST MONIES, IT WOULD NEVERTHELESS AFFORD THE DEPARTMENT OF TRANSPORTATION A GREAT DEAL OF PROTECTION FROM LIABILITY FOR MISAPPROPRIATION OF THE FUNDS. MOREOVER, INDEPENDENT ACTION BY THE DEPARTMENT, OR BY THIS OFFICE ACTING ON THE DEPARTMENT'S BEHALF, WITHOUT CONSULTING THE ELECTED POLITICAL LEADERSHIP MAY WELL BE ILL ADVISED. CONSEQUENTLY, WE SUGGEST THAT SERIOUS CONSIDERATION BE GIVEN TO CONSULTING THE GOVERNOR'S OFFICE AND THE LEGISLATIVE LEADERSHIP AS TO THE APPROPRIATE DISTRIBUTION OF THESE FUNDS. WHILE WE UNDERSTAND THAT ACTION MUST BE TAKEN IN THE IMMEDIATE FUTURE, WE FEEL THE NATURE AND MAGNITUDE OF THE ISSUES RAISED BY YOU PRECLUDE US FROM ACTING ON BEHALF OF THE DEPARTMENT OF TRANSPORTATION ABSENT CONSULTATION WITH THE GOVERNOR AND/OR ELECTED LEADERSHIP OF THE STATE. (NED BASTOW)